UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARLENE JONES, NORMA CARTER JONES, DEBRA WEST, DUANE CONNER, DIANE MILLER, and CAROLYN DAWKINS,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>ST. JOHN HEALTH,<br>a Michigan Corp.,<br><br>　　　　　Defendant.<br>_____/ | Case No. 08-14962<br><br>John Feikens<br>United States District Judge<br><br>Michael Hluchaniuk<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION**
**PLAINTIFFS' MOTION FOR REMAND (Dkt. 5)**

**I.    PROCEDURAL HISTORY**

On October 30, 2008, plaintiffs, all former employees of defendant St. John Health, filed the present complaint seeking benefits from defendant resulting from the termination of their positions with defendant in Wayne County Circuit Court. Defendant filed a Notice of Removal on December 1, 2008, removing the case from Wayne County Circuit Court to the United States District Court for the Eastern District of Michigan.  (Dkt. 1).  That same date that defendant filed its

answer to the complaint (Dkt. 2), District Judge John Feikens referred the case to the undersigned for all pretrial purposes. (Dkt. 4).

On December 18, 2008, plaintiffs filed the present motion for remand, asking that the case be remanded to Wayne County Circuit Court. (Dkt. 5). Defendant responded to the motion on December 26, 2008. (Dkt. 6). Plaintiffs filed a reply on December 31, 2008. (Dkt. 7). The motion was set for oral argument and, before the argument, the parties filed a joint statement of resolved and unresolved issues on February 3, 2009. (Dkt. 10). Oral argument on the motion was held, via conference call, on February 25, 2009.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiffs' motion to remand be **DENIED**.

## II.     RELEVANT FACTS

All six plaintiffs are similarly situated with respect to the issue before the Court and all six of them had their positions eliminated on April 30, 2008. (Dkt. 5, p. 7). The positions they held were transferred to a doctors office effective May 1, 2008, under what defendant says was a "comparable rate of pay." *Id*. Under these circumstances, defendant had determined that plaintiffs were not eligible for severance benefits and informed plaintiffs of such on April 21, 2008. (Dkt. 5, p.7). Plaintiffs filed their complaint seeking severance benefits to which they

claim they are entitled under a set of terms and conditions that they argue is applicable to their situation. Defendant contends that a different set of terms and conditions is applicable to plaintiffs' circumstances and, generally, that the controlling law for determining which rules apply is the Employee Retirement Security Act (ERISA). 29 U.S.C. § 1001, *et seq*. It is this latter issue that brought the matter to federal court in that ERISA, if it applies, preempts state law on related topics. The preemption of related matters by ERISA is not contested by the parties.

**III.　POSITIONS OF THE PARTIES**

Plaintiffs take the position that they are entitled to severance benefits based on the elimination of their jobs by defendant. They further claim that the policies maintained by defendant with respect to employee severance benefits do not meet the criteria for an employee welfare benefit plan as defined by ERISA and, therefore, this is, in essence, a breach of contract action based solely on the terms of their employment agreement with defendant. Based on this basic position, plaintiffs argue that removal of this case to federal court was not proper and the case should be remanded to state court.

Defendant contends that the terms and conditions associated with severance benefits that apply to plaintiffs' situation are different from those claimed by

plaintiffs and, in either case, the controversy must be decided under ERISA, which completely preempts state law in these circumstances and allows for the removal of such a claim to federal court.

In their joint statement of resolved and unresolved issues, the parties agreed that the sole issue with respect to the motion for remand was whether the payment of severance benefits under either plan in controversy was an employee welfare benefit plan under ERISA. Simply stated, removal is proper if it falls under ERISA and removal is not proper if it does not. (Dkt. 10, p. 2).

## IV.   ANALYSIS AND CONCLUSIONS

The nub of the issue relating to plaintiffs' motion for remand is whether the payment of severance benefits by defendant falls within an employee welfare benefit plan as defined by ERISA. A severance plan is an employee welfare benefit plan if it meets the criteria of *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 8 (1987). Not all severance benefit plans meet this criteria. The two primary factors in applying this test in this circuit are: (1) whether the employer has discretion over the distribution of benefits and (2) whether there are on-going demands on the employer's assets. *Kolkowski v. Goodrich Corp.*, 448 F.3d 843, 848 (6th Cir. 2006).

Plaintiffs argue that defendant's severance plan pays predetermined benefits that can be determined through a relatively mechanical calculation depending on only a few factors such as the position of the employee and the employee's years of service. Under these circumstances, plaintiffs contend, there is no real "discretion" that must be exercised in deciding to pay such benefits. Additionally, plaintiffs argue that there are no "on-going" demands on defendant's assets after the benefits are paid. While plaintiffs acknowledge that employees who receive severance benefits continue to receive life insurance and health insurance benefits, plaintiffs submit that this, by itself, is not sufficient to cause the procedure to become an employee welfare benefit plan.

Defendant maintains that its plan involves the exercise of discretion in order to determine: (1) which positions will be eliminated and thus which employees will be seeking severance benefits; and (2) which employees whose positions have been eliminated qualify for benefits, given that several exclusions could apply, such as those who have comparable jobs, those who are being disciplined, and those who have contingent positions, which could be excluded from eligibility for severance benefits. Defendant also contends that there is an "on-going" demand on its assets in that: (1) the payments are made over a period of time rather than on a single occasion; (2) monitoring is necessary to determine if former employees

continue to be eligible; and (3) health and life insurance benefits are paid for a period of time following termination of the employee's position.

*Kolkowski* is the most recent Sixth Circuit case examining the criteria used in determining whether a severance plan is an employee welfare benefit plan under ERISA. The plan under scrutiny in *Kolkowski* was found to be an employee welfare benefit program under ERISA where discretion was exercised by the employer to determine whether the employee's new position was "comparable" to the old position and also to determine what the employee's seniority status was. Both of these facts exist in the present case. The *Kolkowski* plan involved a lump sum payment of salary and bonuses but medical, dental and life insurance benefits continued for a period of time following termination. Based on these factors, the Court found that the plan satisfied both the "discretion" factor and the "on-going" factor identified by the Court.

Plaintiffs cite *Evanoff v. Banner Mattress Co.*, 526 F.Supp.2d 810 (N.D. Ohio 2007) in support of their position. *Evanoff* involved a severance plan that merely continued payment of the plaintiff's salary for eighteen months following termination and also provided continuation of health and life insurance benefits. The court found that the non-complex continuation of salary, with no apparent exceptions, did not make the plan an ERISA plan and that the continued payment

of health and life insurance benefits did not, without more, make the plan become an ERISA plan. *Id.* at 814-15. While the facts in *Evanoff* are distinguishable from the present case, the opinion is not persuasive authority because, while it cited to *Kolkowski* for a different purpose, it does not use the same test identified in *Kolkowski* as the primary basis for determining whether the severance plan in question met the criteria of *Fort Halifax*.

Defendant's plan involves the discretion to determine if an employee's new position is "comparable" to the old position, as well as the discretion to determine the employee's seniority status, which is relevant to the amount of benefits a former employee would receive. Defendant's plan pays cash benefits over a period of time, rather than a lump sum on a single occasion, and health and life insurance benefits continue for a period of time, which depends on the length of employment and the position held. The relevant features of defendant's plan exceed those of the plan in *Kolkowski*. With the yardstick provided by *Kolkowski*, defendant's plan is greater than the measure needed to establish that its plan meets the criteria to be considered an employee welfare benefit plan covered by ERISA. The existence of similar factors resulted in the same conclusion in *Dotson v. Arkema, Inc.*, 2008 WL 4792685 (E.D. Mich. 2008). Under the circumstances here, removal was proper and the motion for remand should be denied.

At the conclusion of the hearing on February 25, 2009, plaintiffs' counsel indicated a desire to amend the complaint if it was determined that the questioned plan was an ERISA plan. While no decision was made at the time, given that the undersigned is responsible for all pretrial proceedings in this matter, a motion to amend filed by plaintiffs would be resolved by the undersigned. Such motions at this stage of the proceedings would likely be viewed favorably. The parties should consider whether amending the complaint can be the subject of a stipulation and order before a motion to amend is filed.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that plaintiffs' motion to remand be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931

F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
| Date: March 9, 2009 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

9

Report and Recommendation
Plaintiff's Motion for Remand
*Jones v. St. John Health*; 08-14962

## CERTIFICATE OF SERVICE

    I certify that on <u>March 9, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Lauren G. Gibbs, Charles Gottlieb, and Jonathon A. Rabin</u>.

                                      <u>s/Darlene Chubb</u>
                                      Judicial Assistant